**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGEI PORTNOY, | No. 11-17782 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02730-GEB-CKD |
| v. | |
| VEOLIA TRANSPORTATION SERVICES, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Sergei Portnoy appeals pro se from the district court's summary judgment in

his employment action alleging that defendant fired him because of his national

origin in violation of federal and state law.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Portnoy's discrimination claims because Portnoy failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-discriminatory reason for terminating his employment was pretextual. *See Vasquez*, 349 F.3d at 640-42 & n.5 (discussing elements of a discrimination claim under Title VII and explaining that evidence of pretext must be specific and substantial); *see also* Cal. Const. art. I, § 8; *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (same analysis applies to discrimination claims under Title VII and California's Fair Employment and Housing Act ("FEHA")).

The district court properly granted summary judgment on Portnoy's breach of contract and breach of implied covenant claims because these claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"). *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (a state law contract claim is preempted by section 301 of the LMRA if the subject matter of the contract is covered by a collective bargaining agreement or the employee relies on that agreement in asserting the contract claim); *Guz v. Bechtel*

*Nat'l Inc.*, 8 P.3d 1089, 1112 (Cal. 2000) (a claim that realleges a breach of contract as a violation of the implied covenant of good faith and fair dealing is superfluous).

The district court properly granted summary judgment on Portnoy's intentional and negligent infliction of emotional distress claims because these claims are preempted by California's workers' compensation scheme. *See Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 14 P.3d 234, 244 (Cal. 2001) (where the acts that give rise to a cause of action are "a 'normal' part of the employment relationship," the cause of action is subject to the exclusivity of the workers' compensation law (citation omitted)).

Summary judgment on Portnoy's "public policy" claim was proper because Portnoy failed to raise a triable dispute as to whether his termination or allegedly adverse treatment violated public policy. *See Holmes v. Gen. Dynamics Corp.*, 22 Cal. Rptr. 2d 172, 177 fn. 8 (Ct. App. 1993) (elements of a public policy claim). To the extent that Portnoy asserted a harassment claim under the FEHA, the district court properly granted summary judgment because Portnoy failed to exhaust his administrative remedies. *See Okoli v. Lockheed Technical Operations Co.*, 43 Cal. Rptr. 2d 57, 61 (Ct. App. 1995) (exhaustion is a jurisdictional prerequisite and requires that the claimant specify the alleged wrongful act in his charge).

Portnoy's contentions concerning the existence or admissibility of defendant's evidence and the credibility of defendant's witnesses are rejected.

**AFFIRMED.**

11-17782